IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lorenzo Kenyon Mason, | ) C/A No. 0:14-2552-RBH-PJG |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| Warden Thomas, | ) |
| Respondent. | ) |

The petitioner, Lorenzo Kenyon Mason ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI") Edgefield, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Petitioner alleges a conviction for a firearm offense in the United States District Court for the Western District of North Carolina on January 27, 2011, resulting in a sentence of 262 months' imprisonment. (ECF No. 1 at 2.) Records in Petitioner's criminal case, United States v. Lorenzo Kenyon Mason, C/A No. 1:08-cr-103-MR-1 (W.D.N.C. Oct. 8, 2008), indicate that Petitioner was originally sentenced to a sixty-month term of imprisonment on June 2, 2009, subsequent to a guilty plea entered on December 4, 2008.[1] Id. at ECF No. 51. The Government field a notice of appeal arguing that the sentencing court erred in failing to apply the career offender enhancement for a prior

---

[1] The court may take judicial notice of Petitioner's prior court records and proceedings. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).



North Carolina firearm conviction and the United States Court of Appeals for the Fourth Circuit remanded the case for resentencing. Id. at 4. As indicated above, Petitioner was resentenced in January of 2011, and appealed the 262-month sentence; however, the Fourth Circuit dismissed the appeal on August 25, 2011. Id. at 4-5. On October 3, 2011, Petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, which the sentencing court denied and dismissed on October 22, 2011. Id. at 5, 9.

Citing Descamps v. United States, 133 S. Ct. 2276 (2013) (finding that a prior California burglary conviction was not a "violent felony" within the meaning of the Armed Career Criminal Act), United States v. Hemingway, 734 F.3d 323, 338 (4th Cir. 2013) (holding that the South Carolina common law crime of assault and battery of a high and aggravated nature "is not categorically an ACCA violent felony"), and Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014) (holding that an erroneous application of the career offender enhancement is cognizable on collateral review), reh'g granted, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014), Petitioner claims that he is actually innocent of being a career offender. (ECF No. 1 at 3.) Specifically, Petitioner argues that his 2003 conviction for conspiracy to discharge a weapon into an occupied property, in violation of N.C. Gen. Stat. § 14-34.1, no longer qualifies as a career offender predicate. (Id.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C.

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



§ 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  **Analysis**

The instant petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)).  Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).  In this case, Petitioner has been unsuccessful in seeking relief under § 2255.  However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the United States Court of Appeals for the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention.  In In re Jones, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct



appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.  The instant Petition fails to demonstrate that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change since his direct appeal or § 2255 motion.  Instead, Petitioner alleges that he is actually innocent of being a career offender under the federal sentencing guidelines.  (ECF No. 1 at 3.)  Petitioner argues that, in light of Descamps, Hemingway, and Whiteside, his former state firearm conviction is not a qualifying predicate offense for career offender enhancement purposes.  (Id.)  However, Descamps and Hemingway have not been declared retroactive on collateral review by the Supreme Court, see Thompson v. United States, C/A No. 7:14-2881-GRA, 2014 WL 3809538, at *2 n.3 (D.S.C. July 30, 2014); Baker v. Zych, C/A No. 7:13-cv-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases which hold that Descamps is not retroactive on collateral review), and a rehearing *en banc* has been granted in Whiteside.  See United States v. Geddings, 278 F. App'x 281, 286 n.6 (4th Cir. 2008) ("Under Fourth Circuit rules, [g]ranting of rehearing en banc vacates the previous panel judgment and opinion.") (internal quotation marks and citation omitted); see also Okoli v. Mayor and City Council of Baltimore, No. 12-2174, 2014 WL 2808127, at *1 (4th Cir. June 17, 2014) (noting that an order granting a panel rehearing vacates the previous opinion).  Thus, the cases cited by Petitioner do not entitle him to relief.

Additionally, the Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences.  See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Whiteside, 748 F.3d at 547 n.4 (noting that the Eleventh Circuit recently



permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit); Darden v. Stephens, No. 10-7496, 2011 WL 1625094, at *1-2 (4th Cir. Apr. 29, 2011).  As Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence, this matter should be dismissed.

### III.  Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 20, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).